(C. D. 540)

HINTON & CO., INC. v. UNITED STATES

United States Customs Court, Third Division

(Decided October 8, 1941)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Alfred A. Taylor, Jr.*, special attorney), for the defendant.

Before CLINE and KEEFE, Judges

CLINE, Judge: This is an action against the United States in which the plaintiff seeks to recover money paid as customs duty upon an importation of merchandise described on the invoice and entry as cedar nuts. They were classified by the collector of customs at the port of entry as edible nuts not specially provided for and assessed for duty at 2½ cents a pound under the provisions of paragraph 761 of the Tariff Act of 1930.

It is claimed by the plaintiff, in his protest and amendment thereto, that the merchandise is free of duty under paragraph 1669, which covers crude drugs, paragraph 1727 as "seeds and nuts, not specially provided for, when the oils derived therefrom are free of duty," or paragraph 1722, which covers, among other things, crude vegetable substances. Plaintiff further claims in an amendment to his protest that the merchandise is dutiable as an unenumerated unmanufactured article at 10 per centum ad valorem under paragraph 1558 of the same act.

Paragraph 761, under which duty was assessed, is in the following language:

Par. 761. Edible nuts, not specially provided for, not shelled, 2½ cents per pound; shelled, 5 cents per pound; cashew nuts, shelled or unshelled, 2 cents per pound; any of the foregoing, if blanched, shall be subject to the same rate of duty as if not blanched; pickled, or otherwise prepared or preserved, and not specially provided for, 35 per centum ad valorem; nut and kernel paste not specially provided for, 25 per centum ad valorem: *Provided,* That no allowance shall be made for dirt or other impurities in nuts of any kind, shelled or unshelled, and that a mixture of two or more kinds of nuts shall bear the highest rate of duty applicable to any of the components.

The vice president and assistant manager of the importing company was called as a witness by the plaintiff. He stated that the business of that company is importing seeds, bird food, and other food commodities; and that he had bought and sold similar if not identical merchandise to that here under consideration throughout the United States for the past 10 years. The witness stated that these cedar nuts are used for parrot food and in some cases as monkey food; that he had never known them to be eaten by human beings because of the difficulty in cracking the shell and that if an object is used to crack them the kernel of the nut is crushed, which makes it unusable.

We have examined the sample in evidence and find that it is quite easy to crack the nuts with an object without crushing the kernel.

Plaintiff's witness testified as follows on cross-examination:

X. Q. Mr. Hinton, you say that these nuts are not eaten by people because they are too hard to handle, to eat?—A. That is right.

X. Q. Is that the only reason why you say they are not eaten as such?—A. They are not eaten because you can't crack them unless you use an object to crack them. They are too hard and too dirty, and the shell comes off in your mouth; it would dirty your mouth if you use them. Take and try one and see for yourself how hard they are.

The witness appeared from this testimony to consider that the fact that a nut could not be cracked with the teeth would prevent its being edible. We do not so understand the meaning of the word "edible." In the case of *United States* v. *Yick Shew Tong Co.*, 25 C. C. P. A. 255, T. D. 49392, the Court of Customs and Patent Appeals held that the term as used in the drug paragraph, 1669, must be given its common meaning and should be construed in the sense of its ordinary use and acceptance, and so construed it was held to mean "habitually eaten by man, or specifically fit to be eaten." Although this definition was given in connection with a different paragraph than the one here in question, we consider it equally applicable to the provision in paragraph 761, *supra*. Nowhere do we find any definition of the term that gives any consideration to the hardness of the shell, the necessity of using an object to crack or open the shell, or the fact that the nuts contain dirt. In fact, the statute contemplates that nuts may contain

extraneous matter such as dirt because in the proviso to the paragraph allowance for dirt is prohibited.

Moreover, we find that cedar nut is defined in Webster's New International Dictionary, 1933 edition, as follows:

The seed of the Swiss pine (Pinus cembra);—called also *cembra nut*. It is used for food in Siberia.

This definition indicates that the cedar nut is edible, in that it is used for food in a certain locality. It is evident that it is, at least, "fit to be eaten." The evidence produced on behalf of the plaintiff did not indicate that the particular cedar nuts in suit differed in any respect from the common or dictionary meaning of that term. We therefore find that plaintiff has failed to sustain the burden of proving that these nuts are not edible or that they are excluded from the purview of paragraph 761, *supra*. That being the case, the provision in paragraph 1727 of the free list for

\* \* \* seeds and nuts, not specially provided for, when the oils derived therefrom are free of duty.

can have no application to this commodity, which we find to be specially provided for in said paragraph 761. Furthermore, there is no evidence in the record tending to show that oil is ever extracted from such nuts or that oil from such nuts is imported into this country as nut oil free of duty under paragraph 1732.

The record is lacking in proof that these cedar nuts are drugs; therefore the claim under paragraph 1669 is overruled. As to the claims under paragraph 1722 as crude vegetable substances and under paragraph 1558 as unenumerated, unmanufactured articles, we find them inapplicable, first because the provision in paragraph 761 for edible nuts is more specific than that in said paragraph 1722, and second because these nuts are enumerated in said paragraph 761.

For the reasons stated plaintiff's claims are overruled.

Judgment for defendant. It is so ordered.